STATE *vs.* JAMES KANE.

INTOXICATING LIQUORS—LICENSE—VALIDITY,

James Kane was indicted for selling intoxicating liquor on April 27, 1917, in less quantity than one quart to be drunk off the premises, under a special license, issued to him on the fourteenth day of March, 1917, authorizing such a sale. On May ninth, 1917, plea of not guilty was entered. The act under which the special license had been issued was repealed, April fourth, 1917. The question before the court was as to the effect of the repeal on the license, in the absence of any saving from the operation of the repeal. *Held,* that the license is good and valid for a period of one year from the date of the issuance thereof.

(*June* 12, 1917.)

Judges RICE and HEISEL sitting.

*David J. Reinhardt*, Attorney General, for the state.

*Philip L. Garrett* for the accused.

Court of General Sessions, New Castle County, May Term, 1917.

INDICTMENT No. 60, May Term, 1917.

James Kane was indicted for selling intoxicating liquor, etc. Case heard in the Court in Banc in accordance with the determination of the Court of General Sessions directing that the case be so heard. Opinion certified to Court of General Sessions, wherein *nolle prosequi* was entered.

It was considered by the Court of General Sessions that the question of law arising in the case ought to be heard by the Court in Banc, and, on the joint application of the parties with an agreed statement of facts appended, the court directed that the same shall be so heard.

Argued before PENNEWILL, C. J. and BOYCE, CONRAD, RICE, and HEISEL. J. J.

The agreed statement of facts shows the indictment, which charges as is admitted, that James Kane, late of, etc., on the twenty-seventh day of April, in the year of our Lord, one thousand nine hundred and seventeen, with force and arms at, etc., in a certain house there situate, to wit, the house known as the Hotel Wilmington located at 819 Market Street in the Fifth Ward of the City of Wilmington and in which said house the business of selling intoxicating liquors was then and there carried on, he, the said James Kane then and there being the tenant and occupant of said house, he, the said James Kane then and there having a proper license to sell intoxicating liquor according to law only in quantities less than one quart to be drunk on said premises did then and there unlawfully sell intoxicating liquor to wit, whiskey, to one Lucius C. Jones in a quantity less than one quart to be drunk off said premises, against, etc.

That said defendant did on the fourteenth day of March, A. D. 1917, receive from this honorable court a proper license authorizing him to sell at said Hotel Wilmington intoxicat-

ing liquors in quantities less than one quart to be drunk *on the premises.*

That having obtained such last mentioned license, said defendant did on the fourteenth day of March, A. D. 1917, make application to the Clerk of the Peace of New Castle County and from him did. receive a further or special license for one year to sell intoxicating liquors in quantities less than one quart to be drunk *off the premises.*

That on the——— day of——————, A. D. 1917, the General Assembly did pass a certain law, viz.:

"* * * Section 1. That *chapter* 6 *of the Revised Statutes* of the State of Delaware be and the same is hereby amended by striking out *paragraph number* 6 of *Section* 124 of said *chapter, Code section* 161." Approved April 4th, 1917.

It was agreed that if the Court in Banc should be of the opinion that the said special license issued to the said James Kane by the Clerk of the Peace of New Castle County on the fourteenth day of March, A. D. 1917, authorizing him to sell intoxicating liquors in less quantities than one quart to be drunk off the premises, is good'and valid for a period of one year from the date of the issuance thereof, then judgment in the above stated cause shall be entered accordingly upon a verdict of not guilty, but if the court shall be of the opinion that said special license so issued by the Clerk of the Peace as aforesaid to said defendant was revoked or rendered null, void and invalid by the ·above recited Act of the General Assembly approved April fourth, 1917, then judgment shall be entered against the said defendant upon a verdict of guilty to be rendered by a jury, charged accordingly by the court upon the said admitted facts.

The repealed paragraph, numbered 6, § 124, *c.* 6 (*Code* 1915, § 161), reads:

"Any person or persons having obtained a license under the provisions of this section may, if he so desires, on application to the Clerk of the Peace of the county in which such license has been obtained, be entitled to receive a further or special license for one year to sell intoxicating liquors in quantities less than one quart, to be drunk off the premises, and for such special license shall pay to said Clerk of the Peace the sum of twenty-five dollars in addition to the license fees now provided by law."

The Attorney General contended that the amending act took effect and became operative upon the date of its' approval by the Governor; that it expressly repealed the provision for the granting of special licenses authorized by paragraph numbered 6 of *Section* 124 of *Chapter* 6 (*Rev. Code* 1915, § 161); that there is in the act no provision for saving from its operation special licenses such as granted to the defendant; that a license to sell intoxicating liquor is not a contract, or a property or vested right but is only a permit or privilege which may be withdrawn at any time; and that a license to sell intoxicating liquor is revoked or annulled by the repeal of the law authorizing the grant of such license. *Joyce on Intox. Liq.* 368; 1 *Woollen & Thornton*, §§ 331, 428; *Black on Intox. Liq.* §§ 90, 127, 190; 15 *R. C. L.* 311; *Brown v. State*, 82 *Ga.* 224, 7 *S. E.* 915; *Arie v. State*, 23 *Okl.* 166, 100 *Pac.* 23; *Pleuler v. State*, 11 *Neb.* 547, 10 *N. W.* 481–490; *Robertson v. State*, 12 *Tex. App.* 541; *Ex parte Lynn*, 19 *Tex. App.* 293; *Ex parte Vaccarezzo*, 52 *Tex. Cr. R.* 105, 105 *S. W.* 1119; *State v. Cooke*, 24 *Minn.* 247, 31 *Am. Rep.* 344; *Com. v. Jones*, 10 *Pa. Co. Ct.* 611; *Com. v. Sellers*, 130 *Pa.* 32, 18 *Atl.* 541, 542; *Viefhaus v. State*, 71 *Ark.* 419, 75 *S. W.* 585; *Bordwell v. State*, 77 *Ark.* 161, 91 *S. W.* 555; *Calder v. Kurby*, 5 *Gray* (*Mass.*) 597; *Fell v. State*, 42 *Md.* 71, 20 *Am. Rep.* 83; *Columbus v. Outcomp*, 61 *Iowa*, 672, 17 *N. W.* 47; *State v. Mullenhoff*, 74 *Iowa*, 271, 37 *N. W.* 329; *State v. Isabel*, 40 *La. Ann.* 340, 4 *South.* 1; *Reitmiller v. Peoples*, 44 *Mich*, 280, 6 *N. W.* 667; *State v. Holmes*, 38 *N. H.* 225; *Metropolitan Board of Excise v. Barrie*, 34 *N. Y.* 569; *Prohibitory Amendment Cases*, 24 *Kan.* 700; *Brown v. State*, 82 *Ga.* 224, 7 *S. E.* 915.

Counsel for the defendant replied that the repealing act affects nothing but the power to issue special licenses after the act took effect; that it repealed the authority to grant any more such licenses but nothing more; that there is nothing in the act indicating an intention of the Legislature to revoke or annul the unexpired licenses granted before the repeal.  *Hirn. v. State*, 1 *Ohio St.* 15; *Adams v. Hackett*, 27 *N. H.* 289, 59 *Am. Dec.* 376; *State v. Andrews*, 26 *Mo.* 171; *State v. Andrews*, 28 *Mo.* 14; *May v. Commonwealth*, 160 *Ky.* 785, 170 *S. W.* 493; *Foster v. Dow*, 29 *Me.* 442; *Watts v. Commonwealth*, 78 *Ky.* 329; *Bush v. D. C.*, 1 *App. D. C.* 1.

It was also urged that it is a sound rule of construction that a statute shall have a prospective operation only, unless its terms show clearly a legislative intention that it shall operate retrospectively. *Cooley's Const. Lim.* 370; *Railroad Co. v. Judge, etc.*, 10 *Bush*, 574.

PENNEWILL, C. J., delivering the opinion of the court:

The question to be determined in this case is not whether a law making it unlawful to sell intoxicating liquor would revoke a license for such sale issued before the enactment of the law.

In such case it is clearly the intention of the Legislature, that liquor shall not be sold at all. Therefore, all the cases cited by the state, in which the sale was made unlawful, are not applicable to the present case where the statute which authorized the issuance of the license was merely repealed. In all the state's cases, except the Pennsylvania County Court case, the sale was expressly made unlawful, and in the excepted case there was this unusual feature, viz.: The license of the defendant only authorized him to sell in accordance with the law of the state, "as it may exist at the time of the sale."

Some of the language quoted by the state from certain textwriters is very general, and if intended to apply to such a case as the present one, does not appear to be supported by the authorities cited.

The text must be based upon statutes or constitutional provisions which expressly made the sale unlawful; and this is evident from more particular statements made by the writers referred to.

In 1 *Woollen & Thornton*, § 541, it is said:

"The passage and adoption of a constitutional or statutory provision by which the sale of intoxicating liquors is prohibited, will have the effect of repealing by implication all laws authorizing the issuance of licenses and of annulling those which may have been issued previously," etc.

Black employs similar language, but both writers also make general statements respecting the effect of a repeal of a statute which apparently supports the contention of the state.

It is not questioned that the Legislature may revoke a license previously given for the sale of intoxicating liquor, because such license is only a privilege; but in order that a statute shall have that effect it must be clear that such was the legislative intent. When the latter statute makes it unlawful to sell intoxicating liquor at all, or unless the licensee procures a further license or complies with some additional requirement, there can be no question about the intent, but when the statute merely repeals the law which authorized the issuance of a license for the sale of liquor in a particular way, as in the present case, the legal effect is only to prevent the issuance of any other licenses of the same kind.

The defendant had a license to sell intoxicating liquor to be drunk on the premises, and the general law which authorized the issuance of such license was not repealed. Because he had that license he was entitled to receive from the Clerk of the Peace an additional license to sell liquor to be drunk off the premises.

The act in question did not, therefore, take away the defendant's right to sell intoxicating liquor, but merely repealed the section of the liquor law that authorized the issuance of the additional license. There is nothing in the repealing act to show that it was intended to have any other effect than to prevent the Clerk of the Peace from issuing any other licenses under the act repealed.

While the act in question is not retroactive in terms, it would unquestionably have that effect if given the construction contended for by the state; and the law is well settled that an Act of the Legislature will not be held to operate retrospectively unless the legislative intention that it shall have such operation be clearly shown. *Cooley's Con, Lim.* 370.

The court are of the opinion that the special license issued to the defendant by the Clerk of the Peace of New Castle County, on the fourteenth day of March, 1917, authorizing him to sell intoxicating liquors in less quantities than one quart to be drunk off the premises, is good and valid for a period of one year from the date of the issuance thereof.

The opinion was certified to the Court of General Sessions, whereupon the Attorney General entered a *nolle prosequi.*